NOT FOR PUBLICATION                                                                             CLOSING

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANKLIN J. BURR, II,<br><br>        Plaintiff,<br><br>  v.<br><br>PETER C. HARVEY, et al.,<br><br>        Defendant. | CIVIL NO. 04-1814(SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). [docket # 15]. The Court, having considered the papers submitted, for the reasons set forth below, and for good cause shown, **GRANTS** Defendant's Motion.

**I.      Factual and Procedural Background**

On December 20, 2001, Plaintiff, Franklin J. Burr, II, ("Plaintiff" or "Burr") was charged with Count One, second degree sexual assault and Count Two, second degree sexual debauchery of a child. As the result of a plea bargain, the prosecutor agreed to move for the dismissal of Count One, and to amend Count Two so that it charged the lesser offense of third-degree child abuse. On April 22, 2002, Burr entered a guilty plea as to the amended Count Two. The court accepted the plea, and in accordance with the terms of the plea bargain, dismissed Count One and sentenced Burr on the

amended Count Two to two years of probation with the condition that Burr not engage in the unsupervised teaching of females under the age of 16.

Thereafter, on September 22, 2003, the New Jersey State Legislature amended the DNA Act, N.J.S.A. 53:1-20.17, et seq., ("the NJ DNA Act") to broaden the categories of persons from which DNA samples must be taken. The amendment required DNA samples from all adult and juvenile offenders who had been convicted of any crime, rather than only specific crimes. The amendment also required DNA sampling of convicted adults and delinquent juveniles whose crimes preceded the enactment date if, on that date, they were serving a sentence of imprisonment, detention, confinement, probation, parole, or any other form of supervision.

Because Burr was serving his two-year probationary term on the date of the enactment of the amendment, he became subject to the requirements of the NJ DNA Act. Therefore, on the date of enactment, September 22, 2003, the Honorable Robert A. Longhi entered an order requiring Burr "to submit to having a ... biological sample collected ... for purposes of DNA testing." Burr was scheduled for sampling on March 23, 2004.

On that date– March 23, 2004– Burr did not attend his sampling appointment, but instead filed a "Petition and Emergency Notice for Stay of Execution of Sua Sponte Order Requiring DNA Testing" in the Law Division of the Superior Court of New Jersey. That same day the court entered an Order adjourning "the drawing the of a DNA sample of [Burr] until a hearing conducted in this Court on April 16, 2004." On April 16, 2004, Judge Longhi conducted a hearing, heard oral argument of the parties. The court vacated the stay entered on March 23, 2004 and ordered Burr to submit to the drawing

of a DNA sample. Burr filed emergent applications for a stay with both the Appellate Division as well as the Supreme Court. Both were denied. The underlying appeal remained pending.

On April 22, 2004, Burr initiated the present action in the district court. His complaint challenged the NJ DNA Act and sought injunctive relief, specifically a stay of Judge Longhi's April 16, 2004 order requiring him to submit a DNA sample. Judge Jose Linares denied Burr's application for injunctive relief on April 22, 2004, and entered an order requiring Burr to provide a DNA sample. Burr complied with the order and supplied the required sample on April 22, 2004.

On March 3, 2006, the Defendant filed this Motion to Dismiss, seeking dismissal of Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Discussion

The Defendant, Peter C. Harvey, moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant's 12(b)(1) motion challenges the Court's subject matter jurisdiction over this action under the Rooker-Feldman doctrine. Defendant's 12(b)(6) motion challenges the sufficiency of the Plaintiff's Complaint to set forth a legally cognizable claim under the Fourth Amendment. Defendant also argues that this Court should abstain from hearing this action under the Younger abstention doctrine.

Defendants argue that this Court should invoke the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971). The Court agrees.

The doctrine of abstention provides that a federal court may properly abstain from exercising its jurisdictional powers when to do so would impermissibly interfere

with ongoing state proceedings.  See, e.g., Younger v. Harris, 401 U.S. 37 (1971). Younger is based less on judicial economy than on a recognition that state courts are as competent as federal courts to adjudicate constitutional questions.  However "abstention rarely should be invoked and is appropriate only in a few carefully defined situations."  Addiction Specialists, Inc. v. Hampton, 411 F.3d 399, 408 (2005) (citing Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992)).  Younger abstention is appropriate only where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.  Id.; see also Gwynedd Propertis, inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992).

As to the first prong, a court's inquiry must focus "on the narrow question of whether they [state proceedings] were pending at the time the federal suit was filed." Id. (quoting San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998).  At the time Plaintiff filed his complaint, his appeal of his state conviction was still pending.  Although the New Jersey courts had acted on Burr's petitions for emergent relief, the underlying appeal remained pending at the time Burr filed his federal complaint.  This pending appeal qualifies as an "ongoing" state proceeding and satisfies the first Younger prong.

The second prong of the test asks whether the state proceedings implicate important state interests.  Under the Younger doctrine, "when a state seeks to vindicate its own policies as a party to the pending state proceeding, an important state interest is often implicated."  Anthony v. Gerald Council, 316 F.3d 412 (3d Cir. 2003).  New Jersey

has a substantial interest in proceedings relating to the administration and enforcement of the NJ DNA Act, as it relates directly to the state's public interest in preventing recidivism and identifying and arrest of offenders.  See State v. O'Hagen, 380 N.J. Super. 133 (N.J. Super. Ct. App. Div. 2005) (holding that public interest in preventing recidivism outweighed the privacy rights of offenders).

The third prong asks whether the state proceedings afford an adequate opportunity to raise the federal claims.  Here, Burr could have appealed, and did in fact appeal, the initial order to the Appellate Division of the New Jersey Superior Court.  The appellate proceedings in the New Jersey state courts presented Burr with ample opportunity to contest the constitutionality of the NJ DNA Act and present his constitutional claims.  See McDaniels v. N.J. Div. of Youth and Family Servs., 144 Fed. Appx. 213 (3d Cir. 2005) (finding that New Jersey state appellate practice would provide plaintiff with opportunity to litigate federal constitutional claims).  Indeed, instead of submitting a memorandum on the constitutionality of the Act,  Burr submitted a copy of his appellate court filing requesting emergent relief to this Court, indicating that his constitutional arguments were addressed in state court.

Were this Court were to address the merits of Burr's claims, those claims would be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a cognizable claim.  On a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should

be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See Fed. R. Civ. P. 8(a)(2); Conley, 355 U.S. at 45-46.  "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

     Plaintiff claims that the required extraction of his DNA, pursuant to the Act, violates the United States Constitution because it is an unreasonable search and seizure in violation of the Fourth Amendment.  In United States v. Sczubelek, 402 F.3d 175 (3d Cir. 2005), the Third Circuit considered the constitutionality of the Federal DNA Act, 42 U.S.C. §§ 14135, et seq., under the Fourth Amendment.  While the plaintiff, Paul Sczubelek, was on supervised release, he refused his probation officer's direction to give a DNA sample.  The District Court ordered him to do so, and Sczubelek appealed the order on the grounds that the collection of a DNA sample is an unconstitutional search in violation of the Fourth Amendment.  Examining the statute

under the United States v. Knights, 534 U.S. 112, 117-18 (2001), totality of the circumstances test, the court found that the compelling governmental interest in "accurate criminal investigations and prosecutions" advanced by the Federal DNA Act outweighs the "minimal" intrusion of a blood test and the minimal privacy interest retained by criminal offenders in keeping their "physical identity from government records." Sczubelek, 402 F.3d at 184-187.  As such, the court found that the taking of the DNA sample was not an unreasonable search in violation of the Fourth Amendment.  There are no significant differences between the NJ DNA Act and the Federal DNA Act, as such Szubelek requires dismissal of Plaintiff's claims under the Fourth Amendment.

Plaintiff also claims that the NJ DNA Act violates Article 1, Section 9-10, of the U.S. Constitution because it constitutes an ex post facto law.  Under the ex post facto clause, "the government may not apply a law retroactively that inflicts a greater punishment than the law annexed to the crime when committed." Johnson v. Penn. Bd. of Probation and Parole, 163 Fed. Appx. 159, 162 (3d Cir. 2006) (quoting Artway v. Atty Gen'l of State of N.J., 81 F.3d 1235, 1253 (3d Cir. 1996).  The threshold question under the clause is whether the NJ DNA Act imposes "punishment." Id.  In Johnson v. Pennsylvania Board of Probation and Parole, the Third Circuit considered whether the Pennsylvania DNA Act constitutes punishment under the ex post facto clause.  The Court held that "the collection of blood for identification and establishment of a DNA data bank is, like fingerprinting and photographing, a non-penal, administrative requirement that does not run afoul of the ex post facto clause." Id. at 163.  Therefore, under Johnson, the collection of DNA under the NJ DNA Act does not constitute

punishment, and Plaintiff's claim must be dismissed.

To the extent that Burr argues that the Fourteenth Amendment's due process clause is violated by the taking of his DNA, the argument fails. In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court explained that where "the Fourth Amendment provide an explicit textual source of constitutional protection against... physically intrusive governmental conduct, that Amendment, not the more generalized notion of substantive due process must be the guide." Id. at 395.

Plaintiff has also alleged that the DNA Act is unconstitutional because it is a "bill of attainder;" "a form of double jeopardy;" and "a law that impairs the obligation of a contract." The claims are equally devoid of merit and would also be dismissed for failure to state a claim under Rule 12(b)(6).

Because the Court finds abstention under Younger appropriate, we decline to address Defendant's contentions that Plaintiff's suit is barred by the Rooker-Feldman doctrine.

### III.   Conclusion

For the reasons set forth above, this Court will grant Defendant's Motion to Dismiss.

        /s/ Stanley R. Chesler

        Stanley R. Chesler, U.S.D.J.

Dated: January 23, 2007